# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIM. ACTION NO. 3:18-CR-0297-S |
| | § |
| DESMOND KINTWANA BETHANY (1) | § |

## MEMORANDUM OPINION AND ORDER

The Order addresses Defendant Desmond Kintwana Bethany's Motion to Dismiss Count Four for Lack of Specificity or, Alternatively, Motion for Bill of Particulars [ECF No. 116]. For the following reasons, the Court **DENIES** the Motion.

### I. BACKGROUND

Defendant's Motions arise out of the Superseding Indictment charging Defendant Desmond Kintwana Bethany ("Defendant") with: (1) Sex Trafficking of Children; (2) Conspiracy to Commit Sex Trafficking; (3) Sex Trafficking Through Force, Fraud or Coercion; and (4) being a Felon in Possession of a Firearm. *See* ECF No. 61 at 1-5. The Superseding Indictment states in Count Four that:

> From on or about July 4, 2015 through on or about May 25, 2018, in the Dallas Division of the Northern District of Texas and elsewhere, . . . [Defendant] . . . , having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess in and affecting interstate and foreign commerce a firearm, namely a Ruger, Model LCP, 380 caliber pistol, bearing Serial Number 371-407298. In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

ECF No. 61 at 5. On February 6, 2020, Defendant filed the present Motion to Dismiss Count Four for Lack of Specificity or, Alternatively, Motion for Bill of Particulars (the "Motion"), which is now ripe and before the Court.

## II. ANALYSIS

### A. *Motion to Dismiss*

An indictment is sufficient where it "contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend." *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013) (quoting *United States v. Fuller*, 974 F.2d 1474, 1480 (5th Cir. 1992)). "Generally, an indictment [that] follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged." *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003) (quoting *United States v. Ramirez*, 233 F.3d 318, 323 (5th Cir. 2000)). When the court decides a motion to dismiss the indictment for failure to state an offense, it must "take the allegations of the indictment as true and . . . determine whether an offense has been stated." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)). In the present case, the Superseding Indictment follows the language of 18 U.S.C. § 922(g)(1), which makes it "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition." *See* ECF No. 61 at 5 (charging Defendant with, "having been convicted of a crime punishable by imprisonment for a term exceeding one year, . . . knowingly and unlawfully possess[ing] in and affecting interstate and foreign commerce a firearm, namely a Ruger . . . pistol"). Accordingly, the Court finds that the Superseding Indictment sufficiently states an offense and denies Defendant's Motion to Dismiss. *See Thomas*, 348 F.3d at 82 (quoting *Ramirez*, 233 F.3d at 323).

### B. *Motion for Bill of Particulars*

Federal Rule of Criminal Procedure 7(f) permits a defendant to "move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." The district court has discretion over whether to grant the request. *United States v. Shults*, No. 3:14-

2

cr-00298-M, 2018 WL 5023779, at *1 (N.D. Tex. Sept. 18, 2018). "The purpose of a bill of particulars is to inform an accused of the charge with sufficient precision to reduce trial surprise, to enable adequate defense preparation, and critically, by the fleshing out of the charges to illuminate the dimensions of jeopardy." *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) (citations omitted). A bill of particulars cannot, however, be used "to discover all overt acts th[at] might be proved at trial," or "to secure for the defense the Government's explanation of its theory of the case." *Shults*, 2018 WL 5023779, at *1. In determining whether to order the Government to provide a defendant with a bill of particulars, the Court "must balance the needs of the defendant against the [G]overnment's right not to disclose its witnesses, evidence[,] or legal theories." *United States v. Campbell*, 710 F. Supp. 641, 642 (N.D. Tex. 1989) (quoting *United States v. Miller*, 210 F. Supp. 716, 717 (S.D. Tex. 1962)).

A bill of particulars is unnecessary where "'the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges against him to enable him to prepare for trial.'" *United States v. Faulkner*, Crim. No. 3:09-CR-249-D(02), 2011 WL 2880919, at *2 (N.D. Tex. July 15, 2011) (quoting *United States v. Martinez*, Crim. No. 3:09-CR-170-D (01), 2010 WL 2025226, at *7 (N.D. Tex. May 21, 2010)). However, "even if the indictment does not furnish sufficient information to enable the defendant to prepare a defense and to avoid surprise at trial, where the [G]overnment has provided the necessary information in another satisfactory form, such as through discovery, a bill of particulars is unnecessary." *Id.* (citing *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005)).

In the present case, the Court finds that Count Four of the Superseding Indictment sufficiently sets forth the elements of the offense charged and sufficiently apprises Defendant of the charge against him because "it states the offense using the words of the statute itself." *United*

3

*States v. Hagen*, Crim. No. 3:19-CR-0146-B, 2020 WL 1929848, at *12 (N.D. Tex. Apr. 21, 2020) (quoting *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992)). Additionally, the Court finds that Defendant is seeking to use Rule 7(f) to obtain generalized discovery and the Government's theory of the case, by requesting, among other information: "specific dates that . . . [D]efendant allegedly possessed the firearm"; "specific location(s) related to those specific dates . . . where . . . [D]efendant allegedly possessed the firearm"; "specifics on how the gun was possessed"; "specifics on whether the gun was possessed by anyone other than [Defendant]"; the identify of "the witnesses that can identify the gun"; and "proof of the firearm named in Count Four was the one possessed." Mot. 2-3. "A bill of particulars containing these details is not necessary" to inform Defendant of the charges against him, to avoid surprise, or to clearly allow jeopardy to be invoked. *Shults*, 2018 WL 5023779, at *2. Rather, "requiring [the] disclosure [of this information] would wrongly infringe upon the Government's right not to disclose all of its evidence, witnesses, [and] theory of the case." *Id.* (citing *Campbell*, 710 F. Supp. at 642).

Furthermore, the Court finds that a bill of particulars is not necessary in this case, because "[t]he Government has provide[d] and will continue to provide full discovery to [Defendant] in this case" pursuant to its "'open file' policy" that grants Defendant "access to the evidence, photographs, and numerous witness statements and grand jury testimony regarding when and where [Defendant] possessed the firearm at issue." Resp. 10-11; *see also Faulkner*, 2011 WL 2880919, at *2 (explaining that a bill of particulars is not necessary "where the [G]overnment has provided the necessary information in another satisfactory form"). Accordingly, the Court denies Defendant's Motion for a Bill of Particulars.

4

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Desmond Kintwana Bethany's Motion to Dismiss Count Four for Lack of Specificity or, Alternatively, Motion for Bill of Particulars.

**SO ORDERED.**

SIGNED April 23, 2020.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**