IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:18-cr-297-S |
| | § | |
| DESMOND BETHANY (1), | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Desmond Bethany filed a Motion to Reconsider Detention and Grant Pretrial Release. Mot. (ECF No. 148). For the following reasons, the Motion should be DENIED.

## Background

Bethany is charged in an indictment with several felonies, including Sex Trafficking of Children, Conspiracy to Commit Sex Trafficking, Sex Trafficking Through Force, Fraud or Coercion, Felon in Possession of a Firearm, and Attempting to Obstruct or Interfere with the Enforcement of 18 U.S.C. § 1591. 2d Superseding Ind. (ECF No. 140). He has been in custody since his arrest on June 12, 2018. The government filed a motion for pretrial detention on that date, Mot. Detention (ECF No. 7), and the undersigned magistrate judge ordered him detained, after a hearing, on June 18, 2018, Order (ECF No. 20). The magistrate judge found the government carried its burden to show (1) by clear and convincing evidence that no condition or combination of conditions of release will reasonably

assure the safety of any other person or the community and (2) by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure his appearance as required. Ord. 2 (ECF No. 20). Specifically, the magistrate judge found detention was warranted because the weight of the evidence against Bethany is strong; he is subject to a lengthy period of incarceration if he is convicted; he has a significant criminal history, including convictions for assault, bodily injury, aggravated assault with a deadly weapon, and aggravated robbery; he participated in criminal activity while on probation, parole, or supervision; and he has a history of violence and using weapons. *Id.*

The magistrate judge relied on evidence proffered at the detention hearing that three adult victims had come forward with serious allegations of physical abuse, rape, and forced sex trafficking by Bethany. *Id.* 3. At least one victim's allegations were corroborated by photographic evidence of extensive bruises and other injuries. *Id.* The adult victims reported being lured and/or kidnapped by Bethany, held against their will, and forced into the sex trade. *Id.* There was evidence that Bethany had traveled throughout the country engaging in criminal activity in several states. *Id.* At the time of the hearing, he was facing criminal charges for procuring prostitution in Oklahoma. *Id.* Bethany also had a history of failure to appear, including one conviction for bail jumping. *Id.*

Bethany's trial is currently set for December 14, 2020. Ord. (ECF No. 139). On August 31, 2020, Bethany, through his newly-appointed substitute counsel,

filed a Motion to Reconsider Detention and Grant Pretrial Release Mot. (ECF No. 148). As grounds for his Motion, Bethany states that the circumstances that existed when he was ordered detained have changed in that "[t]here is now a coronavirus pandemic that poses a direct risk" to him. Mot. 1. He states that he suffers from hypertension and high blood pressure, and that these conditions "place him at higher risk of infections and complications from the coronavirus." *Id.* 2. He asks the Court to reconsider the order of detention and allow his pretrial release. *Id.* He states that he can be released to his sister and that she will serve as a third-party custodian. *Id. 3.* He further claims that he is willing to submit to home confinement and to wear an electronic leg monitor. *Id.*

The government opposes the Motion. Resp. 1 (ECF No. 150). It contends that Bethany's request is not based on any facts or law, but rather "the speculative prospect of a COVID-19 outbreak at the facility where he is being detained." *Id.* Such speculation is insufficient to warrant release, the government argues, as Bethany has not shown that the detention facility where he is being housed is unprepared to handle the coronavirus. *Id.* The government further points out that Bethany was indicted on obstruction of justice charges for conduct that occurred while he was in pretrial detention. *Id.*

### Legal Standards and Analysis

Under the Bail Reform Act, a defendant may seek reconsideration of a detention order by filing either a motion to reopen under 18 U.S.C. § 3142(f) or a

motion for revocation of a detention order under § 3145(b). *United States v. Posada Carriles*, 481 F.Supp.2d 792, 795 (W.D. Tex. 2007) (citations omitted).

Section 3142(f)(2)(B) gives the trial court discretion to reopen a detention hearing:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Fifth Circuit has interpreted this standard as requiring "new" information. *U.S. v. Stanford*, 367 Fed. App'x 507, 509-10 (5th Cir. Feb. 17, 2010) (per curiam) (citing *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989)). New and material information for purposes of § 3142(f)(2)(B) consists of "truly changed circumstances, something unexpected, or a significant event," and courts have interpreted the requirements of this provision strictly. *U.S. v. Jerdine*, 2009 WL 4906564 (N.D. Ohio Dec. 18, 2009) (affirming district court's decision not to reopen detention hearing based on proffered testimony of defendant's family members and a friend, because the proffered information was not new) (citing, in part, *Hare*, 873 F.2d at 799); *c.f. U.S. v. Rodriguez-Adorno*, 606 F.Supp.2d 232, 238-239 (D.P.R. 2009) (also citing *Hare*). In addition, conclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention

must show how the evidence was discovered and why it was previously unavailable. *See U.S. v. Stanford*, 341 Fed. App'x 979, 984 (5th Cir. Aug. 24, 2000).

Section 3145(b) provides that "[i]f a person is ordered detained by a magistrate judge . . ., the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). When reviewing on a motion to revoke or amend a magistrate judge's detention order under § 3145(b), a district court "acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992) (citing *Fortna*, 769 F.2d at 249). In the context of a challenge to an order by a magistrate judge in the arresting district, the presiding district judge may refer the review to a magistrate judge in his or her district for report and recommendation—as the district judge did in this case. *See United States v. Cooper*, 2018 WL 1916983, at *19 (N.D. Tex. Apr. 2, 2018) (quoting *United States v. Ross*, No. 1:05-CR-160, 2007 WL 1295995, *2 (W.D. Mich. Apr. 6, 2007)), *rec. adopted*, 2018 WL 1912708 (N.D. Tex. Apr. 23, 2018).

Here, Bethany brings his motion under § 3145(b). But under § 3145(b), a defendant must seek review of a magistrate judge's detention order within fourteen days as prescribed by Fed. R. Crim. P. 59(a), or the "right to review is waived, and review by the district court following such a waiver is discretionary and not a matter of right." *See, e.g., United States v. Parrish*, 2020 WL 5922044, at *4 (N.D.

Tex. May 20, 2020), *rec. adopted*, 2020 WL 4344850 (N.D. Tex. July 29, 2020) (citing cases); *United States v. Bishop*, 2020 WL 3442058, at *2 (N.D. Tex. June 5, 2020), *rec. adopted*, 2020 WL 3440890 (N.D. Tex. June 23, 2020); *United States v. Pineda-Diaz*, 2020 WL 2747421, at *1 (N.D. Tex. May 26, 2020). The magistrate judge ordered Bethany detained on June 18, 2018, but he did not seek relief from the Court's detention order until August 31, 2020—well after the fourteen-day period to object had passed. Consequently, he "waived his right to have [it] reviewed by the Court" as a matter of right. *Bishop*, 2020 WL 3442058, at *2. And the Court should not exercise its discretion to revoke or amend the detention order.

Bethany argues that he should be released because conditions have changed since his detention hearing. *See* Mot. 2. Specifically, the coronavirus pandemic is a public health crisis that has sickened millions of Americans, and he suffers from hypertension and high blood pressure which "place him at higher risk of infections and complications from the coronavirus." *Id.* Also, because "[c]onditions of pretrial confinement create the ideal environment for the transmission of the contagious disease," his life is at risk if he continues to be detained. *Id.* But Bethany fails to offer anything other than generalized concerns about the risk of infection by the coronavirus. These generic concerns do not warrant relief. *Bishop*, 2020 WL 3442058, at *3 (denying defendant's request for pretrial release because generalized concerns about the pandemic did not support reopening the issue of

his detention); *United States v. Munguia*, 2020 WL 1471741 (N.D. Tex. Mar. 26, 2020) (same).

The existence of the pandemic does not have a material bearing on the issue of whether there are conditions of release that will reasonably assure Bethany's appearance as required and the safety of any other person and the community. The only evidence before the Court on that issue is the evidence presented at the original detention hearing. That evidence established that Bethany was a flight risk and a danger to the community. He has a history of violence and using weapons, and he has several felony convictions, including convictions for assault, bodily injury, aggravated assault with a deadly weapon, and aggravated robbery. The alleged victims in this case came forward with allegations of physical abuse, rape, and forced sex trafficking by Bethany; and at least one victim's allegations were corroborated by photographic evidence of extensive bruises and other injuries. The adult victims also reported being lured and/or kidnapped by Bethany, held against their will, and forced into the sex trade. Bethany additionally has a history of failure to appear, including one conviction for bail jumping, and he participated in criminal activity while on probation, parole, or supervision. Since his detention, he has engaged in conduct that resulted in an indictment for obstruction of justice. There are no conditions or combination of conditions of release that could be set which would reasonably assure the safety of the community and other persons and Bethany's appearance as required.

## Conclusion

The Court should DENY the Motion to Reconsider Detention (ECF No. 148).

SO ORDERED.

DATED: October 16, 2020

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE